UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK IGWEBUIKE ENWONWU, ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, SECRETARY ) <br> OF DEPARTMENT OF HOMELAND ) <br> SECURITY, ET AL. ) <br> ) <br> Respondents[1] ) | Civil Action No. <br> 05cv10511-WGY |

RESPONDENT'S SECOND AMENDED
NOTICE OF INTENT TO EXECUTE REMOVAL ORDER

Respondent hereby informs the Court of its intention to now execute the final order of removal against petitioner **on April 13, 2005**, instead of on April 12, 2005.  This schedule change is due to events beyond respondent's control.

On March 29, 2005,[2] respondent had filed a Notice of Intent to Execute petitioner's removal order on April 12, 2005.  However, respondent's agents were informed only yesterday, April

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

[2] On March 28, 2005, respondent had filed a Notice of Intent to Execute Removal order erroneously indicating removal scheduled for February 4, 2005.

7, 2005, that the government JPATS[3] flight upon which FRANK IGWEBUIKE ENWONWU was scheduled for removal had a problem clearing a flight path to Nigeria for Tuesday, April 12, 2005, but that that flight was and is now cleared for Wednesday, **April 13, 2005.** See Attachment A, Second Declaration of Chief Immigration Enforcement Agent James Brown, p.3, ¶7.

Preparatory to petitioner's removal from the United States, he is now scheduled to be **transported on April 12, 2005, to another location in the United States**. Respondent understands that any transportation of petitioner outside the district prior to petitioner's removal from the United States does *not* affect this Court's jurisdiction to enter any order, and arrangements have been made to facilitate immediate communication of any such order of the Court. Id., ¶8.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

---

[3] U.S. Department of Justice, Marshals Service, Justice Prisoner and Alien Transportation System ("JPATS").

2

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on April 8, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ATTACHMENT A

## SECOND DECLARATION OF CHIEF IMMIGRATION ENFORCEMENT AGENT JAMES BROWN

Pursuant to the authority of 28 U.S.C. § 1746, I, JAMES BROWN, Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE"), declare and update my first declaration as follows:

1. I am the Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE").

2. Included in my official duties as a Chief Immigration Enforcement Agent is the responsibility for supervising and monitoring the execution of orders of removal and deportation.  This responsibility relates to the process of confirming the existence of the necessary authorizations, or "travel documents", issued by foreign governments for the return of removable aliens to their respective home countries, and to the process of confirming the scheduling of the execution of removal orders by aircraft.

3.   As a Chief Immigration Enforcement Agent in Boston, I am generally familiar with the process for travel document issuance by the various foreign governments, and particularly familiar with the day to day mechanisms of

scheduling execution of and executing removal orders.

4. At the request of Special Assistant United States Attorney Frank Crowley, I examined the administrative records available to me of efforts to enforce the final administrative removal order in the case of FRANK IGWEBUIKE ENWONWU, Administrative File No. A19 337 631. Upon review of the records available to me as a Chief Immigration Enforcement Agent, I confirmed that FRANK IGWEBUIKE ENWONWU had been scheduled for removal to Nigeria on a specially chartered governmental (United States) Justice Prisoner and Alien Transportation System ("JPATS") flight, on April 12, 2005.

5. Based upon my experience generally as a Chief Immigration Enforcement Agent in Boston, Massachusetts, and upon my review of and familiarity with the specific arrangements being made to effect the removal of removable aliens back to Nigeria by JPATS flight, it was my expectation that FRANK IGWEBUIKE ENWONWU would be removed as scheduled to Nigeria on April 12, 2005, and it was my belief that there is certainly at least a substantial likelihood of the same occurring.

6. On March 28, 2005, I executed my Declaration based upon the above understandings and beliefs, and this Declaration was filed as Attachment B to docket entry number 4 in No. 05cv10511-WGY (D. Mass.).

7. On April 7, 2005, I was informed that the government JPATS flight upon which FRANK IGWEBUIKE ENWONWU was scheduled for removal had a problem clearing a flight path to Nigeria for Tuesday, April 12, 2005, but that the flight was cleared for Wednesday, **April 13, 2005.**

8. Therefore, I amend and update my previous Declaration to confirm that FRANK IGWEBUIKE ENWONWU is **now scheduled for removal to Nigeria on Wednesday, April 13, 2005.** In preparation for this removal, petitioner will be transferred to another location in the United States on Tuesday, April 12, 2005. Arrangements are in place to communicate any order from the Court immediately to the actual place of petitioner's detention in the United States.

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on: 4/7/05
Date                    Signature

JAMES BROWN
Chief Immigration
Enforcement Agent
U.S. Dept. Homeland Security
Bureau of Immigration & Customs Enforcement
Boston, Massachusetts

3