## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In The Matter Of The Application Of: | ) | |
| FRANK IGWEBUIKE ENWONWU | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION FILE NO: |
| v. | ) | 05-10511 WGY |
| | ) | |
| MICHAEL CHERTOFF, Secretary Of | ) | |
| Department Of Homeland Security, | ) | |
| BRUCE CHADBOURNE, Interim Field | ) | |
| Officer Director for Detention and | ) | |
| Removal, Boston Field Office, Bureau | ) | |
| of Immigration and Customs | ) | |
| Enforcement, DEPARTMENT OF | ) | |
| HOMELAND SECURITY, ANDREA J. | ) | |
| CABRAL, Sheriff, Suffolk County House | ) | |
| Of Correction | ) | |
| | ) | |
| Respondents. | ) | |

## PETITIONER'S OPPOSITION TO RESPONDENT'S REQUEST FOR LEAVE OF COURT TO SUPPLEMENT ITS MEMORANDUM OF LAW PERTAINING TO ITS MOTION TO DISMISS

NOW COMES Frank Igwebuike Enwonwu (hereinafter "Mr. Enwonwu" or "Petitioner"), through undersigned counsel, and hereby petitions this Honorable Court to DENY the Department of Homeland Security's (hereinafter "Government" or "Respondent") request for leave to Supplement its Memorandum of Law pertaining to its prior Motion to Dismiss. In the alternative, Petitioner makes his own leave of court request for additional time to file his response given the Government's eleventh hour submission made shortly before the upcoming evidentiary hearing that originally scheduled two weeks ago. As grounds therefore, Mr. Enwonwu states as follows:

1

1. On or about March 17, 2005, Mr. Enwonwu properly filed a Writ of Habeas Corpus petition.

2. On or about April 11, 2005, this Honorable Court acknowledged having read all submissions presented to date by both Mr. Enwonwu and the Government.

3. After conducting an initial hearing that day, this Honorable Court concluded it had the power to hear and ultimately decide the Petitioner's fate, thereby rendering moot the Government's subject matter jurisdiction arguments under both 8 U.S.C. 1252(g) and Fed.R.Civ.P. 12(b)(1), respectively.

4. This Honorable Court also agreed that the Petitioner had a colorable substantive due process claim and scheduled an evidentiary hearing in order to further delve into whether: (1) there was a deal between the Petitioner and the Government to avoid deportation; and (2) if there was no deal, would a due process violation exist if the Government's indifference and "Danger-creation" conduct "shock the conscience" by efforts deporting a person to a country known for its flagrant human rights abuses. As such, Part II of the Government's latest motion is at best, not ripe for discussion and may be rendered moot depending on how this Honorable Court rules after the evidentiary hearing.

5. Moreover, this Honorable Court may indeed ultimately find after the evidentiary hearing that Mr. Enwonwu made a colorable constitutional claim that would withstand the scrutiny of the Government's motion to dismiss under Fed.R.Civ.P. 12(b)(6).

6. The Government's mercurial effort to shore up its mortally wounded arguments repeatedly fails to come to terms with the Petitioner's *constitutional* challenge to his removal and, unlike Petitioner's brief, cites no case law which identifies the dangerous consequences of deporting confidential informants to countries with a proven track record of human rights abuses!

7. In sum, the Government's regurgitation of *statutory* case law in Part III of its latest motion remains inapposite to the facts at hand. Furthermore, its myopic interpretation of the law fails to appreciate the deceptively simple argument presented by the Petitioner.

8. Fortunately, this Honorable Court has already openly stated its willingness to entertain the notion that such government conduct may indeed "shock the conscience" of our civilized society. In fact, Petitioner respectfully proffers that if this narrowly construed and exceptional government behavior is not considered "outrageous", then this circuit's recognition of the "Danger-Creation" theory would ring hollow.

WHEREFORE, the Petitioner respectfully requests this Honorable Court to DENY the Government's request for leave to Supplement its Memorandum of Law pertaining to its prior Motion to Dismiss, or in the alternative, to ALLOW Petitioner leave of court to file a more formal response.

Respectfully submitted,
FRANK IGWEBUIKE ENWONWU,

By his attorney,

Robert B. Carmel-Montes, Esq.
The Carmel Law Group
One Center Plaza, Suite 240
Boston, MA  02108
Tel. 617.227.6355
BBO#: 639476

DATED:    4-26-05

3

<u>CERTIFICATE OF SERVICE</u>

I, Robert B. Carmel-Montes, Esq., do hereby certify that I have on this 26th day of April, 2005, served via first-class mail, postage prepaid, a true and accurate copy of the **PETITIONER'S OPPOSITION TO RESPONDENT'S REQUEST FOR LEAVE OF COURT TO SUPPLEMENT ITS MEMORANDUM OF LAW PERTAINING TO ITS MOTION TO DISMISS** to:

Frank Crowley
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
JFK Station
Boston, MA  02114

Signed under the pains and penalties of perjury.

