UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of the Application of: )<br>FRANK IGWEBUIKE ENWONWU )<br>        Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, Secretary of )<br>Department of Homeland Security, )<br>BRUCE CHADBOURNE, Interim Field )<br>Officer Director for Detention and )<br>Removal, Boston Field Office, Bureau )<br>of Immigration and Customs )<br>Enforcement, DEPARTMENT OF )<br>HOMELAND SECURITY, ANDREA J. )<br>CABRAL, Sheriff, Suffolk County House )<br>of Corrections )<br>)<br>        Respondents. )<br>) | CIVIL ACTION FILE NO:<br>05-10511 WGY |

**PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO TRANSFER CASE TO THE FIRST CIRCUIT COURT OF APPEALS**

**NOW COMES** Frank Igwebuike Enwonwu (hereinafter "Mr. Enwonwu" or "Petitioner"), through undersigned counsel, and hereby requests this Honorable Court to DENY Respondent's motion to transfer the case to the First Circuit Court of Appeals. As grounds therefore, Mr. Enwonwu states as follows:

1. Respondent's Motion directs this Honorable Court to transfer this action to the First Circuit Court of Appeals pursuant to the Real ID Act of 2005 ("RIDA") (think "rid-of"), which was enacted into law on May 11, 2005. See Respondent's Motion, Attachment A.

2. Respondent claims that RIDA purports to get rid of District Court jurisdiction for any past, present and future habeas corpus case, instead conferring said jurisdiction to the respective court of appeals for that circuit.

3. Specifically, Respondent cites Section 106(c) of RIDA which deals with the transfer of cases pertaining to a non-citizen's efforts to challenge "a final administrative order of removal, deportation or exclusion." See Respondent's Motion, at fn.2, and also at Attachment A.

4. It should first be mentioned that Petitioner's habeas claim (as it now stands) before this Honorable Court rests on two principles: (1) that the final order of removal decided by the Board of Immigration Appeals ("BIA") was erroneously issued and therefore unenforceable; and, (2) that in the alternative, even if the final order was proper and ultimately affirmed, Mr. Enwonwu's substantive due process rights under the Fifth Amendment of the Constitution would then be violated if he were forcibly sent back to Nigeria. In other words, that the final order of deportation would be valid yet unenforceable.

5. Secondly, the wording of RIDA statute[1] is clearly vague and therefore unconstitutional. For example, *all* references within said statute (with the exception of Section 106(c)) refer to the judicial forum as the "court of appeals" rather than the "court of appeals *for the circuit*".[2] As such, a reasonable person could conclude that the district court is indeed the "court of appeals" for an administrative court like the BIA.

6. Taking this logical reasoning one step further, the court of appeals for the respective circuit would then follow the jurisdictional pecking order assuming the district court's decision was challenged.

7. Thirdly, the alternative part of Mr. Enwonwu's habeas claim does not challenge the *principle* behind the final order of removal but rather its *enforcement* mechanism as a violation of the Suspension Clause of the Constitution (the "Suspension Clause"). Specifically, "[s]ection 106 [of RIDA] would not preclude habeas review over challenges that are *independent* of challenges to removal orders." See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005) (emphasis added). Because this part of Mr. Enwonwu's collateral challenge is not an attack on the legality of the *issuance* of the final order, but rather its *enforceability*, his claim survives any RIDA challenge and jurisdiction remains with this Honorable Court!

---

[1] Immigration and Nationality Act (INA") section 242 (b), *et. seq.*, 8 U.S.C. §1252 *et. seq.*

[2] Arguably, this could mean that the Congressional intent to transfer authority from a district court only applies to Section 106(c) of the new law.

8. Fourth, as evinced by the painstakingly worded majority decision in I.N.S. v. St. Cyr, 533 U.S. 289 (2001), "[i]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is fairly possible, [a] court is obligated to construe the statute to avoid such problems." Id., at 298. (citing 175 years' worth of Supreme Court precedents).

9. The St. Cyr court further went on to explain that "[e]very reasonable construction of a statute must be resorted to in order to save the statute from unconstitutionality. 533 U.S. at 299, n.10 (citing Eskridge & Frickey, Quasi-Constitutional Law: Clear Statement Rules as Constitutional Lawmaking, 45 Vand. L.Rev. 593, 597 (1992) ("[T]he Court ... has tended to create the strongest clear statement rules to confine Congress's power in areas in which Congress has the constitutional power to do virtually anything").

10. Fifth, as the St. Cyr court points out, the title of a section (like Section 106(c)) is not controlling. 533 U.S. at 308-09. Specifically, "[T]he title of a statute ... cannot limit the plain meaning of the text. For interpretive purposes, [it is] of use only when [it] shed[s] light on some ambiguous word or phrase' " Id. (quoting Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 212 (1998), itself quoting Trainmen v. Baltimore & Ohio R. Co., 331 U.S. 519, 528-29 (1947)).

11. Whether or not RIDA's new provisions speak with sufficient clarity to bar jurisdiction pursuant to the general habeas statute is highly debatable. This Honorable Court has the distinct privilege of taking charge and being the first to put its imprimatur on this pressing constitutional discussion.[3]

12. Sixth, the retroactive application of RIDA is unconstitutional. Under this analysis, a statute has retroactive effect when it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. St. Cyr, 533 U.S. 289, 321. Moreover, "[t]he judgment whether a particular statute acts retroactively should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations. Id.

---

[3] When it comes to the history of our Republic, it should come as no surprise that the "shout heard 'round the world" was fired here in Massachusetts. Indeed, our state serves as the cradle of liberty for the longest-lasting democracy in the world. Sadly, our courts are the last legal refuge available to a society facing an incessant assault by forces bent on eroding the constitutional rights established since the time of our founding fathers. The time to unsheathe the mighty Sword of Damocles has once again come forth. That weapon is too unwieldy for this Petitioner and he instead respectfully asks this Honorable Court to lift it from its mantle.

13. Mr. Enwonwu reasonably relied on all of the available established precedents to properly chart his legal course through the jurisdictional waters patrolled by this Honorable Court. His voyage to freedom has now been enveloped by a man-made storm of questionable origins.[4]

14. Seventh, the Respondent's argument (See Respondent's Motion, at Part II, pp. 6-8) that this Honorable Court lacks subject matter jurisdiction over the instant case broadly relies on a slice of *dicta* from St. Cyr, 533 U.S. 289, n. 38.[5] Yet even the language of said footnote leaves undefined what the "adequate substitute" is or should be. Is a Circuit court of appeals the 'adequate substitute' for relief in an administrative order? Would the circuit courts of appeal see their burgeoning caseload of habeas cases as the "adequate" judicial forum? Is the "substitution of a collateral remedy which is neither *inadequate* nor *ineffective* to test the legality of a person's detention" as stated by the High Court in Swain v. Pressley, 430 U.S. 373, 381 (1977) a violation of the Suspension Clause? Would the (First) Circuit court of appeals indeed provide an evidentiary hearing and/or other inherent forms of procedural protocol to a habeas applicant? If not, would the (First) Circuit court of appeals be unable to adequately and effectively 'test the legality of a person's detention'?

---

[4] RIDA is an appendage questionably inserted into an appropriations bill that was originally designed to infuse new funds towards our country's overseas military campaigns as well as for humanitarian relief to Tsunami victims in Asia! Surely no legislator wants to vote against providing our valiant troops the tools and equipment they desperately need as they venture into harm's way -- no matter how constitutionally flawed some of its provisions may be. Unfortunately, a crafty minority within Congress willed its incongruous immigration agenda (and disdain for legal precedent) by attaching it to a military and humanitarian spending bill thereby lighting the wick to a constitutional powder keg.

[5] The note reads, in part, that: "Congress could without raising any constitutional questions, provide an adequate substitute through the [circuit] courts of appeal". Id.

15. Clearly, the language of that footnote explicitly addresses but *one* part of a multi-faceted analysis pertaining to the constitutionality of a (new) law, see generally, St. Cyr, 533 U.S. 289, 298-313. As such, Respondent's trumpeted citation of RIDA as Congress' latest (if not clumsy) attempt to provide "unambiguous" language should be aggressively scrutinized and ultimately minimized.

WHEREFORE, the Petitioner respectfully requests this Honorable Court to DENY the Respondent's Request for the case to be transferred to the First Circuit.

Respectfully submitted,
FRANK IGWEBUIKE ENWONWU,

By his attorney,

_____
Robert B. Carmel-Montes, Esq.
The Carmel Law Group
One Center Plaza, Suite 240
Boston, MA 02108
Tel. 617.227.6355
BBO#: 639476

DATED: 5.19.05

5

## CERTIFICATE OF SERVICE

I, Robert B. Carmel-Montes, Esq., do hereby certify that I have on this 19th day of May, 2005, served via first-class mail, postage prepaid, a true and accurate copy of the **PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO TRANSFER CASE TO THE FIRST CIRCUIT COURT OF APPEALS**, to:

Frank Crowley
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
JFK Station
Boston, MA 02114

Signed under the pains and penalties of perjury.