UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
FRANK IGWEBUIKE ENWONWU,        )
                                )
         Petitioner             )
                                )     Civil Action No.
     v.                         )     05cv10511-WGY
                                )
MICHAEL CHERTOFF, SECRETARY     )
OF DEPARTMENT OF HOMELAND       )
SECURITY, ET AL.                )
                                )
         Respondents            )
```

REPLY TO PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO
TRANSFER CASE TO FIRST CIRCUIT COURT OF APPEALS PURSUANT TO
<u>SECTION 106(c) OF THE REAL ID ACT OF 2005</u>

Respondent[1] seeks leave of Court to reply to Petitioner's Opposition to Respondent's Motion to Transfer Case to the First Circuit Court of Appeals Pursuant to Section 106(c) of the Real ID Act of 2005 ("Petitioner's Opposition").

**ARGUMENT**

I.  THE COURT SHOULD TRANSFER THIS ACTION TO THE FIRST CIRCUIT COURT OF APPEALS AS DIRECTED BY RIDA SECTION 106(c).

Petitioner does not dispute that Section 106(c) of RIDA commands the transfer of all district court habeas challenges to removal orders pending on May 11, 2005, to the appropriate circuit court of appeals. Petitioner's Opposition, p. 2, ¶ 5.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. <u>See</u> 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the

Aside from being facially absurd, petitioner's unexpected suggestion that Congress was otherwise unconstitutionally vague in the wording of RIDA, to the effect that "a reasonable person could conclude that the district court is indeed the 'court of appeals' for an administrative court like the BIA," id., is defeated by simple reference to RIDA section 106(a)(1)(B), which creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5). That new section, 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5), provides that:

> EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals <u>in accordance with this section</u> shall be the sole and exclusive means for judicial review of an order of removal . . .

(Emphasis added). Plainly, then, the statutory reference to review in the appropriate court of appeals "in accordance with this section", i.e., in accordance with INA section 242, 8 U.S.C. § 1252, is a reference to the prescribed jurisdiction for review of removal orders in the United States Circuit Courts of Appeals.

More particularly relevant to the instant action, RIDA Section 106(a)(1)(A)(iii) creates new INA section 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D):

> JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
> Nothing in subparagraph (B) or (C) [i.e., INA sections 242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in any other provision of this Act (other than

---

United States in a suit pending in a court of the United States").

>   this section) which limits or eliminates judicial
>   review, shall be construed as precluding review of
>   constitutional claims or questions of law raised upon a
>   petition for review filed with an appropriate court of
>   appeals <u>in accordance with this section</u>.

(Emphasis added). It is equally plain, then, that the reference to the appropriate "court of appeals in accordance with this section" <u>i.e.</u>, in accordance with INA section 242, 8 U.S.C. § 1252, is a reference to the prescribed jurisdiction for review of removal orders in the United States Circuit Courts of Appeals, with the intended result that "review of constitutional claims or questions of law raised upon a petition for review" is now explicitly provided in that court for those classes of removable criminal aliens such as petitioner previously unable to get such review at that court.

Petitioner also objects to transfer to the court of appeals by asserting that the "retroactive application of RIDA is unconstitutional." Petitioner's Opposition, p.3, ¶ 12. However, petitioner's allusion to the judicial default rules regarding the retroactivity of a statute is misplaced; such default rules come into play only when a court is *unable* to discern the intent of Congress regarding effective date and retroactivity considerations.[2] As the Supreme Court has said, if the effective

---

[2] Moreover, in <u>Kolster</u>, the First Circuit applied <u>Landgraf</u> principles and found no retroactivity problems in applying AEDPA § 440(a), which precluded judicial review in the courts of appeals for aliens who were deportable for having committed aggravated felonies, immediately. <u>Landgraf</u> makes clear that the "[a]pplication of a new jurisdictional rule usually takes away no substantive right but simply changes the tribunal that is to hear

3

date intent of Congress is apparent from the statute, "there is no need to resort to judicial default rules." <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 280 (1994).

The RIDA judicial review provisions could not be more explicit with respect to their applications to pending cases. RIDA section 106(c) provides that "[i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case . . . to the court of appeals".  Moreover, RIDA section 106(b) clearly states that all the other judicial review amendments to the INA, made by section 106(a) of RIDA, "shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division."

The intent of Congress is unambiguous:  because petitioner's case challenges the lawfulness of his removal order, and because the instant habeas corpus action was pending in the district court on May 11, 2005, the date of enactment of RIDA, section 106(c) of RIDA directs that the case be transferred to the First Circuit Court of Appeals.

---

the case." 511 U.S. at 274 (internal quotation marks and citation omitted).

4

II.  THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS UNDER THE RIDA AMENDMENTS.

Petitioner asserts that his case rests upon two bases. First, that the removal order of the Board of Immigration Appeals ("BIA") was erroneously issued, and second, that even if the BIA removal order were valid petitioner's substantive due process rights would be violated if the order were executed and petitioner removed to Nigeria.  Petitioner's Opposition, p. 2, ¶ 4.  Petitioner asserts that his attack upon the "enforceability" of the removal order, if not upon the "issuance" of the order itself, "survives any RIDA challenge and jurisdiction remains with this [Court]". Petitioner's Opposition, p. 2, ¶ 7.

Petitioner fails to support this thesis however, except to declare that whether the RIDA amendments "speak with sufficient clarity to bar jurisdiction pursuant to the general habeas statute is highly debatable",  Petitioner's Opposition, p. 3, ¶ 11, and to wonder rhetorically whether the exclusivity of circuit court review of removal orders might be adequate or effective, Petitioner's Opposition, p. 4, ¶ 14.

The answers to petitioner's musings are that the RIDA judicial review amendments now explicitly eliminate 28 U.S.C. § 2241 as any basis for review of removal orders.[3]  Cf. Mahadeo v.

---

[3] RIDA section 106(a)(1)(B) creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

(5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including

Reno, et al., 226 F.3d 3, 10 (1st Cir. 2000) (pre-RIDA judicial review provisions for removal orders "lack the clear statement of the congressional intent necessary to eliminate habeas review."); Goncalves v. Reno, et al., 144 F.3d 110, 120 (1st Cir. 1998), cert. denied 526 U.S. 1004, ("any repeal of the federal courts' historic habeas jurisdiction must be explicit and make express reference specifically to the statute granting jurisdiction."). The amendments eliminating 28 U.S.C.§ 2241 as a basis for review of removal orders, inter alia, employ language as univocal as language can be, and so it is not clear what "highly debatable" question as to "sufficient clarity" remains in petitioner's mind. Petitioner's Opposition, p. 3, ¶ 11.

Nor has petitioner articulated any adequate basis for questioning the constitutional sufficiency of the review his case will get at the circuit court of appeals upon transfer. See Kolster v. INS, 101 F.3d 785, 791 (1st Cir. 1996) (because "some avenue for judicial review remains available to address core

---

section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

(Emphasis added).

constitutional and jurisdictional concerns, we find that section 440(a)'s [of Anti-Terrorism and Effective Death Penalty Act] repeal of our jurisdiction to review final deportation orders does not raise a constitutional issue.").

With respect to the notion that the substantive due process theory of petitioner's habeas claim should "survive" a RIDA section 106(c) transfer to the circuit court of appeals and remain in the district court, Petitioner's Opposition, p. 2, ¶ 7, petitioner faces insurmountable jurisdictional obstacles.

First, petitioner's 'survival' theory is based in essence as "not an attack on the legality of the *issuance* of the final order, but rather its *enforceability*". Id. (italics in original). Petitioner's succinct statement of his argument is honest albeit fatal because his challenge to the "*enforcement* mechanism" of the execution of his removal order, id. (italics in original), and his insistence, "[i]n other words, that the final order of deportation would be valid yet unenforceable" on substantive due process grounds, id., ¶ 4, places his claim squarely within the bar of amended INA section 242(g), 8 U.S.C. § 1252(g).[4]

---

[4] Amendments made by Section 106(a)(3) RIDA to INA section 242(g):

242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law **(statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,** no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from

7

As amended, section 242(g) of the INA now makes explicit that 28 U.S.C. § 2241 is eliminated as a jurisdictional basis "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . <u>execute removal orders</u> against any alien under this Act." (Emphasis added). Plainly, petitioner's substantive due process claim in these habeas corpus proceedings -- that execution of his removal order is a constitutional violation -- *depends* upon as well as "aris[es] from the decision or action by the Attorney General to . . . execute removal orders", and so the district court lacks habeas corpus jurisdiction to hear petitioner's claim under the proscription of INA section 242(g), 8 U.S.C. § 1252(g). <u>Cf</u>. <u>Foroglou v. Reno</u>, 241 F.3d 111, 115 (1st Cir. 2001) (First Circuit observing that where an alien has had full access to the circuit court of appeals for direct review of orders leading to his deportation, that "it is hard to view the habeas petition as anything other than <u>an attempt, contrary to [INA] section 242(g) [8 U.S.C. § 1252(g)] to prevent the Attorney General from 'execut[ing] [a] [removal order[].'</u>"). (Emphasis added).

Additionally, the RIDA amendments to INA section 242(b)(9), 8 U.S.C. § 1252(b)(9), make explicit that no court other than the court of appeals as provided by statute now has any subject

---

the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amended language emphasized).

matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States".[5]

Finally, petitioner's citation to the RIDA Conference Report as stating that "[s]ection 106 [of RIDA] would not preclude habeas review over challenges that are *independent* of challenges to removal orders", Petitioner's Opposition, p. 2, citing Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)(emphasis added by petitioner), misquotes the Conference Report.  In fact, the Conference Report observes only that "section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders."). Id. (emphasis added). In sum, petitioner's claims, together and severally, and

---

[5] Amendments made by Section 106(a)(2) RIDA to INA section 242(b)(9):

242(b)(9) CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW.- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. **Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.**

(Amended language emphasized).

regardless of how he would have them parsed factually, legally, or constitutionally, may now be raised only to the First Circuit Court of Appeals upon transfer of the instant action.

## CONCLUSION

Accordingly, under the RIDA amendments the Court lacks subject matter jurisdiction over the petition, and this case should be transferred to the First Circuit Court of Appeals pursuant to the statutory command of section 106(c) of the RIDA.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                        By:     s/Frank Crowley
                                FRANK CROWLEY
                                Special Assistant U.S. Attorney
                                Department of Homeland Security
                                P.O. Box 8728
                                J.F.K. Station
                                Boston, MA 02114
                                (617) 565-2415


CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on May 25, 2005.

                                s/Frank Crowley
                                FRANK CROWLEY
                                Special Assistant U.S. Attorney
                                Department of Homeland Security
                                P.O. Box 8728
                                J.F.K. Station
                                Boston, MA 02114